**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SULMA MUÑOZ-CASTRO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03056-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 14, 2026, Petitioner Sulma Muñoz-Castro filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) She challenges her continued immigration-related detention without being given procedural safeguards as violative of her Fifth Amendment due process rights, the Immigration and Nationality Act, and the Administrative Procedure Act. (Id. at PageID 9–11.) Petitioner is a citizen of Honduras who immigrated to the United States in 2021. (Id. at PageID 1.) She was promptly detained by immigration officials, released on her own recognizance, and paroled into the interior United States. (Id.) That parole required her to attend check-ins at an immigration office. (Id. at PageID 1–2.)

Petitioner later established a life and family in Nashville, Tennessee. (Id. at PageID 2.) However, on August 13, 2026, she was arrested by immigration officers in her home. (Id.) To

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, Markwayne Mullin and Trinity Minter are **DISMISSED** from the case.

date, she has remained in Respondent Christopher Bullock's custody at the West Tennessee Detention Facility. She now challenges her detention based on Bullock's denial of a bond hearing, re-arrest without a pre-deprivation hearing, and the wrong "actor" having ordered her arrest. (Id. at PageID 3.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, if she has not done so already, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 17th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE