**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

SULMA MUÑOZ-CASTRO,
Petitioner,

v.

CHRISTOPHER BULLOCK,
Respondent.

No. 2:26-cv-03056-SHL-tmp

# ORDER DISMISSING PETITION

On August 14, 2026, Petitioner Sulma Muñoz-Castro filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) She challenges her continued immigration-related detention without being given procedural safeguards as violative of her Fifth Amendment due process rights, the Immigration and Nationality Act, and the Administrative Procedure Act. (Id. at PageID 9–11.) Petitioner is a citizen of Honduras who immigrated to the United States in 2021. (Id. at PageID 1.) She was promptly detained by immigration officials, released on her own recognizance, and paroled into the interior United States. (Id.) That parole required her to attend check-ins at an immigration office. (Id. at PageID 1–2.) On August 13, 2026, she was arrested by immigration officers in her home. (Id.) Following her arrest, she was held in Respondent Christopher Bullock's custody at the West Tennessee Detention Facility. (Id.)

Respondent responded to Petitioner's Petition, arguing that Petitioner was lawfully detained under 8 U.S.C. § 1231 because she was subject to a final order of removal. (ECF No. 6 at PageID 22.) Petitioner replied to Respondent's response, notifying the Court that she was deported to Honduras following an appearance before an Immigration Judge where she did not seek a continuance, did not raise a defense to removal, and did not preserve an appeal of the

removal order. (ECF No. 7 at PageID 35.) Respondent confirmed that Petitioner had been removed from the United States. (ECF No. 8 at PageID 37.)

A court can "only adjudicate [a] live case[] or controvers[y]." Lathfield Invs., LLC v. City of Lathrup Vill., 136 F.4th 282, 292 (6th Cir. 2025). When a case is moot, it is no longer a live case or controversy, and, unless an exception applies, it is no longer judicially reviewable. See Chafinv. Chafin, 568 U.S. 165, 172 (2013). To determine whether a case is moot, courts examine "whether the relief sought would, if granted, make a difference to the legal interests of the parties." Lathfield Invs., 136 F.4th at 292 (citation omitted). And when, "as a result of events during the pending of the litigation—the court's decision would lack any practical effect, the case is moot." Patton v. Fitzhugh, 131 F.4th 383, 392 (6th Cir. 2025) (citation omitted).

Here, granting Petitioner the relief sought in her habeas petition would have no effect on the parties' current legal interest, because the Petitioner is no longer in Respondent's custody, or present in the United States. Even if there were legal issues as a result of this final order of removal, this Court has very limited jurisdiction as to such orders. As such, Petitioner's Petition is moot and therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE